IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CV-317-D

| | | |
|---|---|---|
| CUMBERLAND COUNTY HOSPITAL SYSTEM, INC. d/b/a CAPE FEAR VALLEY HEALTH SYSTEM, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| SYLVIA MATTHEWS BURWELL, in her official capacity as SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) ) ) ) ) ) | |
| Defendant. | ) | |

This case comes before the court on defendant's renewed motion (D.E. 50) seeking to seal the administrative record in this case. For the reasons set forth below, the court will allow the motion.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014); *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Doe*, 749 F.3d at 267. Here, the administrative record sought to be maintained under seal was not filed in support of any motion that seeks dispositive relief. Therefore, the right of access at issue arises under the common law. *See*

*Covington v. Semones*, No. 7:06cv00614, 2007 WL 1170644, at *2 (W.D. Va. 17 April 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Here, defendant seeks the sealing of the administrative record because it contains confidential medical records and medical information of non-parties, material protected from disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Defendant contends that sealing the material is needed to preserve its confidentiality. The court agrees that the material is of a confidential nature. *See Johnson v. City of Fayetteville*, No. 5:12-CV-456-F, 2014 WL 7151147, at *11 (E.D.N.C. 11 Dec. 2014) (sealing medical records particularly appropriate "where the medical records are of third parties"); *Roberson v. Paul Smith, Inc.*, No. 5:07-CV-284-F, 2010 WL 2332282, at *1 (E.D.N.C. 9 June 2010) (noting that

"[t]here is a compelling government interest in protecting medical records that are prohibited from disclosure under federal law"). It therefore finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d at 235. Here, the initial motion (D.E. 37) to seal the administrative record was filed on 1 December 2015, and the renewed motion on 29 March 2016. No opposition to either motion has been filed by any non-party despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as discussed, the administrative record contains confidential medical records and medical information, the court finds that alternatives to sealing do not exist at the present time.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that defendant's renewed motion (D.E. 50) to seal the administrative record in this case is ALLOWED. The Clerk shall retain the filings at Docket Entries 13 through 36 under seal in accordance with Local Civil Rule 79.2, E.D.N.C., except as may otherwise in the future be ordered by the court.

SO ORDERED, this 11 day of April 2016.

James E. Gates
United States Magistrate Judge